NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ABDEL JABER SALEH, | : | |
| | : | |
| Petitioner, | : | Civil Action No. |
| | : | 20-13155 (JMV) |
| v. | : | |
| | : | OPINION |
| N.J. DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**VAZQUEZ, District Judge:**

Petitioner is a New Jersey state prisoner currently housed at an out-of-state facility in Illinois. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (D.E. No. 1.) For the following reasons, the Court will dismiss the Petition for lack of jurisdiction as second or successive petition and will not issue a certificate of appealability.

**I.     BACKGROUND**

As discussed in Judge Linares' earlier Opinion, Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Judge Linares dismissed that Petition with prejudice as untimely. (*Saleh v. Hendricks*, Civ. No. 04-0642, D.E. 8.) By way of background, on September 30, 1994, the Superior Court of New Jersey sentenced Petitioner to, among other things, life imprisonment for murder[1] with a 30-year period of parole ineligibility, 20 years imprisonment

---

[1] In an unrelated capital case, the Supreme Court of New Jersey discussed the details of Petitioner's crimes while comparing the acts of similarly situated defendants:

for robbery with a 10-year period of parole ineligibility, and 10 years imprisonment for arson with a 5-year period of parole ineligibility, to run consecutively. (*Id*. at 2.)  Petitioner completed his direct appeals on March 25, 1998, when the Supreme Court of New Jersey denied certification, and his judgment became final on June 23, 1998, ninety days later. (*Id*. at 9.)

In March of 2005, Judge Linares rejected Petitioner's tolling arguments and dismissed Petitioner's first § 2254 petition as untimely because "the one-year limitations period expired on June 23, 1999, nearly four months before Petitioner filed his first" state PCR petition on October 18, 1999. (*Id*. at 10–11.)  Petitioner appealed, and in August of 2005, the Third Circuit denied a certificate of appealability.  (*Saleh v. Hendricks*, Civ. No. 04-0642, D.E. 11.)

In 2006, the New Jersey Department of Corrections transferred Petitioner to a facility in Illinois, for the safety of the State's prison system. *Saleh v. New Jersey Dep't of Corr.*, No. A-3942-08T1, 2010 WL 4028606, at *7 (N.J. Super. Ct. App. Div. July 21, 2010).  Petitioner had undertaken a leadership role in organizing an escape plan that involved explosives. (*Id*.)

Many years later, on September 22, 2020, Petitioner filed the instant case, his second § 2254 Petition.  In the Petition, Petitioner contends that: (1) his "forty-five years to life sentence violates the Eighth Amendment's prohibition on cruel and unusual punishment, as well as . . . the

---

> Abdel Jaber Saleh rented a U-Haul van and drove to Michael Rehani's place of business in Hackensack to consummate a business deal in which Saleh was to buy videocassettes from Rehani. Saleh strangled Rehani and hit him over the head with a crowbar. He then dragged Rehani into his own office, bound and gagged him, doused him with charcoal fluid and set him on fire. Rehani was still alive when Saleh began burning him. While the fire burned, Saleh loaded his van with the videocassettes. Saleh then placed the tapes in a storage area he had rented in his wife's name. Rehani's friends found Rehani burning. They put out the fire but Rehani had died by the time firefighters arrived at the scene.

*State v. Feaster*, 757 A.2d 266, 288 (N.J. 2000).

New Jersey Constitution"; (2) he should have been sentenced as a young adult rather than as an adult; and (3) he should have received a review of his sentence as soon as he became twenty-five years old. (D.E. 1, 6–9.)  According to Petitioner, he presented these claims through the state courts and received a denial at each level. (*Id*. at 6–13.); *see also State v. Saleh*, 230 A.3d 978 (N.J. 2020).

## II.    STANDARD OF REVIEW

Federal district courts have a duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III.   DISCUSSION

As discussed, Petitioner previously filed a § 2254 petition, and Judge Linares dismissed that petition with prejudice as untimely.  Consequently, the Court must first address whether it has jurisdiction over the instant Petition.

The Antiterrorism and Effective Death Penalty Act limits a district court's jurisdiction over second or successive § 2254 petitions.  Specifically, § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Rule 9 of the Rules Governing Section 2254 Cases similarly provides that, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

The term "second or successive" under § 2254 has a specific definition. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). A petition is not second or successive simply because it follows a prior petition. *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Subject to exceptions not relevant here, a petition is second or successive if: (1) a court decided an earlier petition on the merits; (2) the prior and new petitions challenge the same conviction; and (3) the petitioner could have raised the new claims in the earlier petition. *See United States v. Irizarry*, No. 00-333, 2014 WL 7331940, at *3 (D.N.J. Dec. 18, 2014); *Candelaria v. Hastings*, No. 12-3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014) (listing exceptions); *see also Benchoff*, 404 F.3d at 817.

If a § 2254 petition is second or successive, the filing of such a petition is only permissible under narrow circumstances, specifically:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

With those principles in mind, Judge Linares decided Petitioner's first § 2254 petition on the merits, in March of 2005. (*Saleh v. Hendricks*, Civ. No. 04-0642, D.E. 11.) Judge Linares dismissed that petition as untimely, and courts have held "that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition 'second or successive.'" *Taylor v. Bonds*, No. 17-7270, 2017 WL 6514603, at *2 (D.N.J. Dec. 20, 2017) (listing cases); *Woodard v. Wetzel*, No. 02-8543, 2016 WL 773210, at *3 n.6 (E.D. Pa. Feb. 29, 2016) (same); *see also Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013). Next, both the prior and new petitions challenge Petitioner's conviction on murder, robbery, and arson. (*Compare* D.E. 1, *with*, *Saleh v. Hendricks*, Civ. No. 04-0642, D.E. 1.) Finally, Petitioner could have challenged the length of his sentence under the Eighth Amendment in his first petition. Plainly, the factual predicate behind that claim, Petitioner's sentence, occurred well before Petitioner filed his first § 2254 petition in 1999.

Petitioner's other claims are less clear, but he appears to argue that the trial court should have sentenced him to an indeterminate term at a youth correctional center, as a young adult offender, pursuant to N.J. Stat. § 2C:43-5. Such claims, however, are questions of state law. Short of a claim that a sentence constitutes cruel and unusual punishment under the Eighth Amendment, or that it violates due process, "the legality and length of a sentence present questions of state law over which this Court has no jurisdiction under § 2254." *See, e.g.*, *Black v. Nogan*, No. 16-8498, 2019 WL 6715127, at *28 (D.N.J. Dec. 9, 2019). In any event, Petitioner could have also raised these claims in his first § 2254 petition.

Accordingly, the instant Petition is second or successive, and Petitioner does not allege, nor does it appear, that he has ever received permission from the Third Circuit to file a second or

successive habeas petition. As a result, this Court does not have jurisdiction over the instant case. 28 U.S.C. § 2244(b)(3)(A).

In such a situation, this Court may "if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It is not in the interest of justice to transfer this case to the Third Circuit as it does not appear that Petitioner's claims fall within the narrow grounds for filing a second or successive petition. 28 U.S.C. § 2244(b)(2). In particular, Petitioner knew the factual predicate for his new claims, *i.e.*, his sentence, before filing his first § 2254 petition. 28 U.S.C. § 2244(b)(2)(B)(i). Consequently, the Court will dismiss the Petition for lack jurisdiction. The Court's decision does not prevent Petitioner from seeking authorization directly from the Third Circuit.

### IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not disagree with this Court's conclusion that it lacks

jurisdiction over Petitioner's second or successive § 2254 Petition. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed above, the Court will dismiss the Petition for lack of jurisdiction. A certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.

Date: 3/3/21

                                                                                          _____
                                                                                          JOHN MICHAEL VAZQUEZ
                                                                                          United States District Judge